United States District Court
Southern District of Texas
**ENTERED**
March 03, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TOWNSEL  MYERS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | MISC. ACTION NO. 2:20-MC-186 |
| | § | |
| CCPD, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DENY PLAINTIFF'S APPLICATION TO PROCEED
## *IN FORMA PAUPERIS* AND TO DISMISS THIS ACTION

Plaintiff Townsel Myers has filed this civil action and is appearing *pro* se. Pending is Plaintiff's application to proceed *in forma pauperis* (IFP).  (D.E. 1).  For the reasons discussed herein, the undersigned respectfully recommends that this action be dismissed pursuant to the *sua sponte* screening provisions in 28 U.S.C. § 1915(e)(2)(B) and that Plaintiff's IFP application, therefore, be denied.

Plaintiff is a serial filer of frivolous cases in this Court.  As a prisoner, Plaintiff has had at least three prior actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted.  *See Myers v. Texas Dep't of Criminal Justice*, No. 4:17-cv-284 (S.D. Tex. Jan. 31, 2017) (dismissed as frivolous and for failure to state a claim); *Myers v. Does*, No. 4:14-cv-966 (S.D. Tex. May 19, 2014) (dismissed as frivolous); *Myers v. UTMB-MHC*, No. 2:04-cv-61 (S.D. Tex. Mar. 19, 2004) (dismissed for failure to state a claim based on the failure to exhaust administrative remedies).

Pursuant to the three strikes rule in 28 U.S.C. § 1915(g), Plaintiff was barred from filing civil actions while in custody as a prisoner absent a showing he was in imminent danger of serious physical injury.  Plaintiff, however, persisted in filing several prisoner civil rights actions that were barred by this Court pursuant to the three strikes rule.  *See Myers v. Parole Board/Unknown*, No. 2:19-cv-273 (S.D. Tex. Nov. 21, 2019); *Myers v. Nueces County Jail*, No. 2:19-cv-339 (S.D. Tex. Dec. 13, 2019); *Myers v. Nueces County Jail*, No. 2:19-cv-384 (S.D. Tex. Dec. 20, 2019); and *Myers v. UTMB*, No. 2:19-cv-385 (S.D. Tex. Dec. 20, 2019).

Plaintiff filed this action after he was released from custody.[1]  His complaint is attached to his IFP application.  (D.E. 1-1).   An *in forma pauperis* proceeding filed by a non-prisoner may be dismissed *sua sponte* under § 1915(e)(2)(B) if "the action or appeal (i) is frivolous; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  An action may be dismissed as frivolous if it lacks an arguable basis in law or fact. *Gonzales v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A dismissal for frivolousness may occur at any time.  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). *Pro se* status does not, however, offer a plaintiff

---

[1] Plaintiff has filed four additional cases with this Court since his release from custody.  *See Myers v. Nueces County Jail*, No. 2:19-cv-404 (S.D. Tex. filed on Dec. 23, 2019); *Myers v. East Texas Treatment Facility*, No. 2:19-cv-405 (S.D. Tex. filed on Dec. 23, 2019); *Myers v. CCPD*, No. 2:20-cv-20 (S.D. Tex. filed on Jan. 17, 2020); and *Myers v. Parole Board*, No. 2:20-mc-185 (S.D. Tex. filed on Jan. 21, 2020).  In each of the cases, the Magistrate Judge has recommended that his case be dismissed as frivolous or for failure to state a claim for relief.

"an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Hous. N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

In his attached complaint, Plaintiff names the Corpus Christi Police Department (CCPD) as the sole Defendant.  He alleges that: (1) he called 911 to complain that a neighbor's dog was "out of his fence" and that nobody had picked up the dog; (2) the 911 operator told Plaintiff something about not reporting his complaint in a timely manner; and (3) Plaintiff fears for his life.  He seeks monetary relief and the right to bear arms to protect himself from dogs.

As with many of Plaintiff's previous cases filed in this Court, his allegations raised in this complaint are patently frivolous and fail to state a claim for relief.  Accepted as true, Plaintiff's allegations are conclusory and fail to state any kind of actionable federal claim against the CCPD.  Plaintiff's complaint, therefore, is subject to summary dismissal.  Accordingly, the undersigned respectfully recommends that Plaintiff's case be **DISMISSED with prejudice** and that his IFP application (D.E. 1) be **DENIED**.

Respectfully submitted this 3rd day of March 2020.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).